**EXHIBIT "A"**

Joseph T. Delgado, Esq.
I.D. No.: 030251982
GARCES, GRABLER & LEBROCQ, P.C.
415 Watchung Avenue
Plainfield, New Jersey 07060
(908) 769-3366
Attorneys for Plaintiff
Our File No.: 293473

| | |
|---|---|
| REYES BRITO RODRIGUEZ, administrator ad prosequendum and general administrator of the estate of ONDINA CASTRO DE LA CRUZ, and Individually, REYES BRITO RODRIGUEZ, administrator ad prosequendum and general administrator of the estate of MAYELIN BRITO CASTRO, VICMARI EILLEN ANDUJAR BRITO, a minor by her guardian ad litem MARIA BRITO CASTRO, VICMAR TRINITY ANDUJAR BRITO, a minor by her guardian ad litem MARIA BRITO CASTRO, MICKEYLA YEUDELINA BRITO, a minor by her guardian ad litem MARIA BRITO CASTRO, JEREMY WILMER ARNAUD, a minor by his guardian ad litem REYES BRITO RODRIGUEZ, MARIA BRITO CASTRO, individually, and REYES BRITO RODRIGUEZ, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>RICHARD D. SAWICKI, PATRICIA SAWICKI, DANIEL T. SAWICKI, JOSEPH F. CASEY, MICHELE L. COLE, BAILLIE SCHWAB, 7-ELEVEN, INC., A.B.C. COMPANIES (1-100) (fictitious entities), and JOHN DOES (1-100) (fictitious names),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY DOCKET NO:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs, REYES BRITO RODRIGUEZ, administrator ad prosequendum and general administrator of the estate of ONDINA CASTRO DE LA CRUZ, and Individually; REYES BRITO RODRIGUEZ, administrator ad prosequendum and general administrator of the estate of MAYELIN BRITO CASTRO; VICMARI EILLEN ANDUJAR BRITO, a minor by her guardian ad litem MARIA BRITO CASTRO; VICMAR TRINITY ANDUJAR BRITO, a minor by her guardian ad litem, MARIA BRITO CASTRO; MICKEYLA YEUDELINA BRITO, a minor by her guardian ad litem, MARIA BRITO CASTRO; JEREMY WILMER ARNAUD, a minor by his guardian ad litem, REYES BRITO RODRIGUEZ; MARIA BRITO CASTRO, individually; and REYES BRITO RODRIGUEZ, individually, by way of Complaint against Defendants, hereby states:

## FIRST COUNT

1. At all times relevant hereto, Plaintiff, REYES BRITO RODRIGUEZ, resided at 1487 Campbell Street, in the City of Rahway, County of Union, and State of New Jersey.

2. At all times relevant hereto, Decedent, ONDINA CASTRO DE LA CRUZ, resided at 113 Brighton Avenue, in the City of Perth Amboy, County of Middlesex, and State of New Jersey.

3. At all times relevant hereto, Plaintiff, REYES BRITO RODRIGUEZ, was the legal husband of decedent, ONDINA CASTRO DE LA CRUZ, and has been appointed the Administrator Ad Prosequendum of the Estate of ONDINA CASTRO DE LA CRUZ, his wife.

4. At all times relevant hereto, Decedent, MAYELIN BRITO CASTRO, resided at 113 Brighton Avenue, in the City of Perth Amboy, County of Middlesex, and State of New

Jersey.

5. At all times relevant hereto, Plaintiff, REYES BRITO RODRIGUEZ, was the natural father of decedent, MAYELIN BRITO CASTRO, and has been appointed the Administrator Ad Prosequendum of the Estate of MAYELIN BRITO CASTRO, his daughter.

6. At all times relevant hereto, Plaintiff, VICMARI EILLEN ANDUJAR BRITO, a minor by her guardian ad litem, MARIA BRITO CASTRO, and MARIA BRITO CASTRO, individually, resided at 1487 Campbell Street, in the City of Rahway, County of Union, and State of New Jersey.

7. At all times relevant hereto, Plaintiff, VICMAR TRINITY ANDUJAR BRITO, a minor by her guardian ad litem, MARIA BRITO CASTRO, and MARIA BRITO CASTRO, individually, resided at 1487 Campbell Street, in the City of Rahway, County of Union, and State of New Jersey.

8. At all times relevant hereto, MICKEYLA YEUDELINA BRITO, a minor by her guardian ad litem, MARIA BRITO CASTRO, and MARIA BRITO CASTRO, individually, resided at 1487 Campbell Street, in the City of Rahway, County of Union, and State of New Jersey.

9. At all times relevant hereto, Plaintiff, MARIA BRITO CASTRO, resided at 1487 Campbell Street, in the City of Rahway, County of Union, and State of New Jersey.

10. At all times relevant to the matters set forth herein, JEREMY WILMER ARNAUD, a minor by his guardian ad litem, REYES BRITO RODRIGUEZ, resided at 1487 Campbell Street, in the City of Rahway, County of Union, and State of New Jersey.

11. At all times relevant hereto, Plaintiff, MARIA BRITO CASTRO, resided at 1487 Campbell Street, in the City of Rahway, County of Union, and State of New Jersey.

12. At all times relevant hereto, Defendant, RICHARD D. SAWICKI, resided at 186 Roland Avenue in the Town of Lackawanna, County of Wyoming, and State of New York.

13. At all times relevant hereto, Defendants, DANIEL T. SAWICKI, and PATRICIA SAWICKI, resided at 186 Roland Avenue in the Town of Lackawanna, County of Wyoming, and State of New York.

14. At all times relevant hereto, Defendant, JOSEPH F. CASEY and MICHELE COLE resided at 1140 Maxon Road, Town of Attica, County of Wyoming County, and State of New York.

15. At all times relevant hereto, Defendants, BAILLIE SCHWAB, resided at 1140 Maxon Road, Town of Attica, County of Wyoming County, and State of New York.

16. At all times relevant hereto, Defendant, 7-ELEVEN, INC., is a retail store located at 91 Market Street, in the Town of Attica, County of Wyoming County, and State of New York.

17. At all times relevant hereto, Defendants, A.B.C. COMPANIES (1-100), are fictional Defendants designated as other corporations, partnerships, proprietorships, or other business entities responsible, individually and/or jointly or severally, or by their agents, servants, and/or employees, for the ownership, lease, operation, repair, design, maintenance, use and/or supervision of the vehicles involved in a motor vehicle collision with Plaintiff on or about May 26, 2019.

18. At all times relevant hereto, Defendants, JOHN DOES (1-50), are fictional Defendants

designated as other individuals responsible, individually and/or jointly or severally, or by their agents, servants, and/or employees, for the ownership, lease, operation, repair, design, maintenance, use and/or supervision of a vehicle which was involved in a motor vehicle collision with Plaintiff on or about, May 26, 2019.

19. At all times relevant hereto, Defendants, JOHN DOES (51-100), are fictional Defendants designated as other individuals responsible, individually and/or jointly or severally, or by their agents, servants, and/or employees, for the sale, supply, service, provision, and allowing permitting Defendant, RICHARD D. SAWICKI, to purchase and drink alcohol despite knowledge he was a minor until he became intoxicated and drive a motor vehicle and cause a motor vehicle collision resulting in the death and serious injuries of Plaintiffs, as aforesaid, on or about, May 26, 2019.

20. At all times relevant hereto, Defendants A.B.C. COMPANIES, INC. (1-100), and/or JOHN DOE's (1-100), are fictional Defendants designated as other corporations and/or individuals responsible, individually and/or jointly or severally, or by their agents, servants, and/or employees, for the employment, direction, agency, and/or control of Defendant RICHARD SAWICKI, in connection with the transportation of certain employees and workers on or about May 26, 2019.

21. On or about May 26, 2019, Decedent, MAYELIN BRITO CASTRO, was the operator of a motor vehicle traveling west on Route 20A, in the Town of Sheldon, County of Wyoming, and State of New York at or near its intersection with Maxon Road.

22. On or about May 26, 2019, Plaintiffs, REYES BRITO RODRIGUEZ, ONDINA CASTRO E LA CRUZ, JEREMY WILMER ARNAUD, MARIA BRITO CASTRO, VICMARI EILLEN ANDUJAR BRITO, VICMAR TRINITY ANDUJAR BRITO, and MICKEYLA YEUDELINA BRITO were passengers in an automobile being operated by Decedent, MAYELIN BRITO CASTRO, traveling west on Route 20A, in the Town of Sheldon, County of Wyoming, and State of New York.

23. At the time and place as aforesaid, Defendant, RICHARD D. SAWICKI, was traveling south on Maxon Road, in the in the Town of Sheldon, County of Wyoming, and State of New York, when he disregarded a stop sign and violently crashed into the vehicle operated by Decedent, MAYELIN BRITO CASTRO, while she was proceeding through the intersection with the right of way.

24. Defendant, RICHARD SAWICKI, operated his vehicle while under the influence of alcohol and in complete disregard of others, and was otherwise careless and inattentive in that he failed to maintain a proper lookout; failed to make reasonable observations; was traveling at an excessive rate of speed; was inattentive; failed to bring his vehicle to a stop before striking plaintiff; and was otherwise reckless, careless, and negligent.

25. As a direct and proximate result of Defendant's carelessness and negligence as aforesaid, Plaintiffs were thrown about violently inside and outside the vehicle, suffering severe, painful, disabling, and permanent injuries and death, which injuries necessitated they obtain medical treatment; they were compelled and shall in the future be compelled to expend large

sums of money for medical care and attention, as well as endure great physical and emotional pain, suffering, disability, stress, anxiety, depression, inconvenience, and distress; they are prevented from pursuing and enjoying their usual family activities, attending to their duties and chores; and from assuming employment and their earning power has been materially and adversely affected; and they were otherwise damaged.

26. As a direct and proximate result of Defendant's carelessness and negligence as aforesaid, Decedents, ONDINA CASTRO DE LA CRUZ and MAYELIN BRITO CASTRO, sustained severe and painful injuries causing them to experience significant pain and suffering, invasive and painful medical treatment, the loss of the enjoyment of life's pleasures, hedonic damages, hospital and funeral expenses, and their wrongful death on May 26, 2019, which are compensable in accordance with N.J.S.A. 2A:15-3.

27. As a direct and proximate result of the negligence of the defendants, as aforesaid, Plaintiffs, REYES BRITO RODRIGUEZ, MARIA BRITO RODRIGUEZ, VICMARI EILLEN ANDUJAR BRITO, VICMAR TRINITY ANDUJAR BRITO, MICKEYLA YEUDELINA BRITO, JEREMY WILMER ARNAUD, sustained damages, including, but not limited to, the loss of companionship, support, and guidance Decedents provided and pecuniary loss sustained as a result of the loss of support Decedent, ONDINA CASTRO DE LA CRUZ and MAYELIN BRITO CASTRO, provided them during their life which are compensable in accordance with N.J.S.A.2A:31-1.

28. Decedent, ONDINA CASTRO DE LA CRUZ, is survived by her husband REYES BRITO

RODRIGUEZ, and her daughter MARIA BRITO CASTRO and various grandchildren.

29. Decedent, MAYELIN BRITO CASTRO, is survived by her father, REYES BRITO RODRIGUEZ, her son, JEREMY WILMER ARNAUD, and her sister and nieces.

30. The aforementioned survivors have jointly suffered, and will continue to suffer, from the loss of the Decedents, as aforesaid, as a direct and proximate result of the demise of Decedents, ONDINA CASTRO DE LA CRUZ and MAYELIN BRITO CASTRO.

31. REYES BRITO RODRIGUEZ, as the General Administrator and Administrator Ad Prosequendum of the Estate of ONDINA CASTRO DE LA CRUZ and MAYELIN BRITO CASTRO paid for funeral and burial expenses and other expenses associated with the medical treatment and death of the decedent

**WHEREFORE**, Plaintiffs, Reyes Brito Rodriguez, as the General Administrator and Administrator Ad Prosequendum of the Estate of Ondina Castro De La Cruz and Mayelin Brito Castro; Vicmari Eillen Andujar Brito, a minor by her guardian ad litem Maria Brito Castro; Vicmar Trinity Andujar Brito, a minor by her guardian ad litem, Maria Brito Castro; Mickeyla Yeudelina Brito, a minor by her guardian ad litem, Maria Brito Castro; Jeremy Wilmer Arnaud, a minor by his guardian ad litem, Reyes Brito Rodriguez; Maria Brito Castro, individually, and Reyes Brito Rodriguez, individually; demand judgment against defendants Richard D. Sawicki, Daniel T. Sawicki, Patricia Sawicki, Joseph F. Casey, Baillie Schwab, Michele Cole, 7 Eleven Corp, John Doe (1-100) and ABC Companies (1-100), jointly, severally or in-the alternative, for damages and costs of suit.

## SECOND COUNT

1. Plaintiffs repeat the allegations contained in COUNT ONE as if set forth herein at length.

2. On or about May 26, 2019, defendant, RICHARD D. SAWICKI, a minor not of legal drinking age, was negligently sold, provided, served, serviced, permitted to consume, and/or had alcohol made available to him until he became intoxicated, by Defendants, JOSEPH F. CASEY, MICHELE COLE, and/or BAILLIE SCHWAB while attending a party or gathering at Defendants' residence located at 1140 Maxon Road, in the Town of Attica, County of Wyoming County, and State of New York.

3. Defendants, JOSEPH F. CASEY, MICHELE COLE, and BAILLIE SCHWAB's, acted negligently and carelessly in providing, serving, facilitating, permitting, and making alcoholic beverage available to underage minors, making their residence available for underage drinking, failing to supervise persons who were not of legal drinking age, or assisting in the procurement of alcohol to RICHARD D. SAWICKI, a person not of legal drinking age, until he became visibly intoxicated and thereafter, proximately caused Defendant, RICHARD D. SAWICKI, to become impaired and/or a substantial factor in the motor vehicle accident resulting in Plaintiffs' injuries and deaths, as aforesaid.

4. The aforesaid accident and resultant injuries were a foreseeable consequence of Defendants' negligent provision, service, permitting, and allowing Defendant, RICHARD D. SAWICKI, to consume alcoholic beverages.

5. As a direct and proximate result of defendants, JOSEPH F. CASEY, MICHELE COLE, and

BAILLIE SCHWAB's negligence, as aforesaid, Plaintiffs suffered severe bodily injury and deaths, resulting pain and suffering, disability, capacity for the loss of enjoyment of life, and incurred medical costs and expenses.

**WHEREFORE**, plaintiffs, Reyes Brito Rodriguez, General Administrator and Administrator Ad Prosequendum of the Estate of Ondina Castro De La Cruz and Mayelin Brito Castro; Vicmari Eillen Andujar Brito, a minor by her guardian ad litem Maria Brito Castro; Vicmar Trinity Andujar Brito, a minor by her guardian ad litem, Maria Brito Castro; Mickeyla Yeudelina Brito, a minor by her guardian ad litem, Maria Brito Castro; Jeremy Wilmer Arnaud, a minor by his guardian ad litem Reyes Brito Rodriguez; Maria Brito Castro, individually, and Reyes Brito Rodriguez, individually; demands judgment against the defendants Richard D. Sawicki, Daniel T. Sawicki, Patricia Sawicki, Joseph F. Casey, Michele Cole, Baillie Schwab, 7 Eleven Corp, John Doe (1-100) and ABC Companies (1-100), jointly, severally or in-the alternative, for damages and costs of suit.

### THIRD COUNT

1. Plaintiffs repeat the allegations contained in COUNTS ONE and TWO as if set forth herein at length.

2. The Licensed Server Liability Act is designed to protect the rights of people who sustain a loss due to the negligent service of alcoholic beverages by a licensed alcoholic beverage server. N.J.S.A. 2A:22A-2.

3. On or about May 25, 2019 and/or May 26, 2019, DEFENDANT, RICHARD D. SAWICKI,

was a patron at defendant, 7 ELEVEN CORPORATION, and A.B.C. COMPANIES (51-100), where he was served alcohol by defendant's agents, servants, and/or employee, at defendant's store located at 91 Market Street, in the Town of Attica, County of Wyoming County, and State of New York.

4. JOHN DOE (51-100) were persons who sold, served, and supplied alcohol to Defendant, RICHARD D. SAWICKI, and/or permitted, allowed, and facilitated him to purchase and consume alcohol resulting in him becoming intoxicated and causing the fatal accident that occurred on May 26, 2019.

5. While a patron at 7 ELEVEN CORPORATION, A.B.C. COMPANIES (1-100), and JOHN DOE (1-100), Defendant, RICHARD D. SAWICKI, was served and/or was permitted to be served alcoholic beverages in violation of N.J.S.A. 2A:22A-1 et. seq.

6. Defendant, R RICHARD D. SAWICKI, a person not of legal drinking age, was served, and/or had alcohol made available to him while he was visibly intoxicated in violation of N.J.S.A. 2A:22A-1 et. seq.

7. Defendants, ELEVEN CORPORATION, A.B.C. COMPANIES (1-100), and JOHN DOES (51-100), sold, served, supplied, and/or made alcohol available to and/or allowed, permitted, and facilitated Defendant, RICHARD D. SAWICKI, to purchase and consume alcohol until he was intoxicated when Defendants, ELEVEN CORPORATION, A.B.C. COMPANIES (1-100), and JOHN DOES (51-100), knew or should have known he was not of legal drinking age in violation of N.J.S.A. 2A:22A-1 et. seq.

8. Defendants, ELEVEN CORPORATION, A.B.C. COMPANIES (1-100), and JOHN DOE (51-100), actions in serving Defendant, RICHARD D. SAWICKI, alcoholic beverages proximately caused and/or was a substantial factor in causing the Plaintiffs' injuries and deaths.

9. The aforesaid accident and resultant injuries were a foreseeable consequence of the negligent service of alcoholic beverages by defendant 7- ELEVEN CORPORATION in violation of N.J.S.A. 2A:22A-1 *et. seq.*

10. As a direct and proximate result of Defendants' negligence, as aforesaid, plaintiffs suffered severe bodily injury and resulting pain and suffering, disability, capacity for the loss of enjoyment of life, and death, and incurred medical costs and expenses.

**WHEREFORE**, plaintiffs, Reyes Brito Rodriguez, General Administrator and Administrator Ad Prosequendum of the Estate of Ondina Castro De La Cruz and Mayelin Brito Castro; Vicmari Eillen Andujar Brito, a minor by her guardian ad litem Maria Brito Castro; Vicmar Trinity Andujar Brito, a minor by her guardian ad litem, Maria Brito Castro; Mickeyla Yeudelina Brito, a minor by her guardian ad litem, Maria Brito Castro; Jeremy Wilmer Arnaud, a minor by his guardian ad litem Reyes Brito Rodriguez; Maria Brito Castro, individually, and Reyes Brito Rodriguez, individually; demands judgment against the defendants Richard D. Sawicki, Daniel T. Sawicki, Patricia Sawicki, Joseph F. Casey, Michele Cole, 7 Eleven Corp, John Doe (51-100) and ABC Companies (1-100), jointly, severally or in-the alternative, for damages and costs of suit.

## FOURTH COUNT

1. Plaintiffs repeat the allegations contained in COUNT ONE, TWO AND THREE as if set forth herein at length.

2. At all times relevant hereto, Defendant, RICHARD SAWICKI, was operating his vehicle as the agent, servant or representative of A.B.C. COMPANIES (1-100), and JOHN DOES (1-100).

3. At all times relevant hereto, Defendant, RICHARD SAWICKI, was operating the vehicle as the agent, servant, or representative, and/or with the permission of Defendant, A.B.C. COMPANIES (1-100), and JOHN DOES (1-100).

4. Defendants, A.B.C. COMPANIES (1-100), and JOHN DOES (1-100) were negligent, careless, and/or reckless in the hiring, retention, training, supervision, and/or entrustment of the vehicle to Defendant, RICHARD SAWICKI.

5. Defendants, RICHARD SAWICKI, A.B.C. COMPANIES (1-100), and JOHN DOES (1-100) are vicariously liable for the recklessness, carelessness, and/or negligence of Defendant, RICHARD SAWICKI.

**WHEREFORE**, Plaintiffs demand Judgment against the Defendants, individually, concurrently, jointly and severally, for damages together with interest, costs of suit, attorney's fees, and such other and further relief as the Court may deem just and equitable.

## FIFTH COUNT

1. Plaintiffs repeat the allegations contained in COUNT ONE, TWO AND THREE as if set

forth herein at length.

2. At all times relevant hereto, Defendants were negligent in the operation, repair, design, maintenance, use, and/or supervision of Defendant's vehicle which was the cause of the above-described collision in which Plaintiff suffered fatal injuries.

3. The negligence of the Defendants includes, but is not limited to, failing to properly maintain and repair the vehicle and allowing said vehicle to remain in a state of disrepair and allowing said vehicle to be operated on the streets and highways with the aforesaid Defendants' permission, thereby causing the aforesaid collision.

**WHEREFORE**, Plaintiffs demand Judgment against the Defendants, individually, concurrently, jointly and severally, for damages together with interest, costs of suit, attorney's fees, and such other and further relief as the Court may deem just and equitable.

### DEMAND FOR PLEADINGS/DISCOVERY

**TAKE NOTICE** that the undersigned attorney(s), counsel for the Plaintiffs, hereby demands pursuant to Rules 1:5-1(a); 4:17-2(b)(i) and 4:17-4(c), that each party herein provide any and all such pleadings; responses to discovery including answers to Interrogatories and responses to Notices to Produce received from any party including any documents, papers and other materials referred to herein, upon the undersigned attorney, and answer Form C and Form C(1)or C (2) Interrogatories of Appendix II of the N.J. Rules of Court as appropriate; and

**TAKE NOTICE** this is a continuing demand.

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R 4:10-2(b) provide a copy of any insurance policies and any declaration pages which afford and/or describe any and all coverage available to any defendant identified herein including, but not limited to, any excess or umbrella policies.

In addition, provide the following information:

A. Name and address of the insurance company;

B. Policy Number;

C. Date of inception and expiration of coverage;

D. Names and addresses of all named insured's;

E. Name and address of person who has custody and possession of policy.

F. The policy limits;

## DEMAND FOR DOCUMENTS

1. Copies of any police, incident, or accident reports relating to the subject accident.

2. Copies of any and all photographs, repair estimates, appraisals, or other records of any kind, type, or description that relate to and/or depict or describe the damages sustained by, or the repair of, each and every vehicle involved in the subject accident.

3. Copies of any all photographs, videos, sketches, diagrams, depictions, or renderings of any kind, type, or description that relate to the subject accident, the scene or location where it occurred, any real property involved or located at or near the accident locus, or injuries or

treatment plaintiff sustained.

4. True and exact copies of any and all CIB, ISO, or other searches or records of any kind, type, or description that relate to the existence and/or identification of any prior or subsequent accidents, losses, claims, or lawsuits plaintiff was involved in, asserted, or filed.

5. Copies of any written or recorded statements, or summaries of any oral statements, obtained from plaintiff relating to this or any other accident or claim.

6. Copies of any written or recorded statements, or summaries of any oral statements, obtained from any person possessing relevant knowledge of any aspect of this claim including witnesses.

7. Copies of any documents, writings, or records of any kind, type, or description that contain or identify any admissions defendant claims were made, or attributed to, plaintiff.

8. Copies of any and all records of any kind, type, or description, that defendant will utilize as substantive evidence in this case.

9. Copies of any all records of any kind, type, or description that defendant will utilize to impeach plaintiff's credibility.

10. Copies of any reports, transcripts or records of any kind, type, or description defendant intends to utilize to impeach the credibility of plaintiff's experts whether said records constitute substantive or impeachment evidence.

11. Copies of any letters, correspondence, or communications, or writings of any kind, type, or description exchanged between the parties.

12. Copies of any and all records of any kind, type, or description that relate to any treatment or evaluation plaintiff ever underwent for any injuries or medical condition prior or subsequent to the subject accident.

13. Copies of any weather or climatological records of any kind, type, or description that in any way relate to the subject accident and/or which defendant intends to utilize at time of trial for any purpose.

14. Copies of any records or documents of any kind, type, or description that relate to and evidence any maintenance or repairs performed or undertaken on defendant's vehicle or property (as applicable).

15. Copies of any records or documents of any kind, type, or description that relate to and/or identify the existence of any convictions or guilty pleas defendant claims are attributable or relate to plaintiff.

16. Copies of any surveillance or video which depict plaintiff of any kind, type, or description.

17. Copies of any written contracts between the parties and copies of all written work orders executed subsequent to the signing of the contract.

18. Transcripts of any Court Proceedings that in any way relate to the subject accident or will be used to impeach the credibility of plaintiff or his/her witnesses at time of trial.

19. Any and all documentary evidence which will be introduced or relied upon for any purpose at the time of trial.

20. Any and all documents of any kind, type, or description which relate to the occurrence of any

and all other accidents, suits, or claims arising out of the premises, property, locus, or instrumentality where the subject accident occurred, or involved, including but not limited to copies of each and every pleading, interrogatories and answers, transcripts of oral depositions, notice to take oral depositions, and Orders.

Failure to provide the above within the thirty (30) day period required by Rule 4:18-1 will result in counsel for plaintiff applying to the Court for the appropriate sanctions, including but not limited to counsel fees and costs, precluding the use of any of the requested documents, as well as an Order, barring Defendants' defenses and striking their answer.

GARCES, GRABLER & LEBROCQ, P.C.<br>
Attorneys for Plaintiff<br>
By: _____<br>
JOSEPH T. DELGADO, ESQ.<br>
For the Firm

Dated: October 16, 2020

## JURY DEMAND

The Plaintiffs hereby demand a trial by jury on all of the triable issues of this Complaint, pursuant to Rule 1:8-2(b) and Rule 4:35-1(a).

GARCES, GRABLER & LEBROCQ, P.C.<br>
Attorneys for Plaintiff<br>
By: _____<br>
JOSEPH T. DELGADO, ESQ.<br>
For the Firm

Dated: October 16, 2020

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, JOSEPH T. DELGADO, ESQ., is hereby designated as trial counsel for the Plaintiffs in the above matter.

GARCES, GRABLER & LEBROCQ, P.C.
Attorneys for Plaintiff

By: _____
JOSEPH T. DELGADO, ESQ.
For the Firm

Dated: October 16, 2020

## CERTIFICATION OF NON-PENDENCY

Pursuant to Rule 4:5-1, I hereby certify that to the best of my knowledge, the above captioned matter is not the subject of any other pending action in any Court or of a pending arbitration proceeding. I hereby certify that no other action or arbitration is being contemplated by the Plaintiffs at this time. Other than the parties set forth in this pleading, I know of no other parties that should be joined in the above action.

GARCES, GRABLER & LEBROCQ, P.C.
Attorneys for Plaintiff

By: _____
JOSEPH T. DELGADO, ESQ.
For the Firm

Dated: October 16, 2020